**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3601-GW(JPRx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Doris Barela v. G6 Hospitality, LLC, et al.* | | |

| Present: The Honorable | GEORGE H. WU, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Javier Gonzalez | None Present | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None Present | None Present |

**PROCEEDINGS (IN CHAMBERS): ORDER REMANDING MATTER TO STATE COURT**

On June 10, 2015, the Court issued an Order to Show Cause re Diverse Citizenship and Amount in Controversy ("OSC No. 1"), in which the Court advised defendant G6 Hospitality, LLC ("Defendant") that it found Defendant's allegation, in its Notice of Removal, deficient both as to establishing its own citizenship and in demonstrating, by a preponderance of the evidence, the presence of the jurisdictional minimum amount in controversy. *See* Docket No. 13. The Court ordered a response from Defendant by June 22, 2015. *See id.* Additionally, five days before the Court issued OSC No. 1, plaintiff Doris Barela ("Plaintiff") had filed a motion to remand, addressing some of the same concerns and raising additional arguments for why the Court should remand the matter. *See* Docket No. 12. That motion was set for hearing on July 6, 2015.

On June 22, Defendant responded to OSC No. 1. In attempting to satisfy the Court's concerns over the demonstration of its citizenship, it asserted that its sole member, IBL Limited, LLC ("IBL"), itself has only a single member, BRE/Everbright M6 LLC ("BRE"). But, as was the case with its initial removal papers (with respect to IBL), Defendant failed to properly establish BRE's citizenship. It stated only that BRE is organized under the laws of the state of Delaware and that none of its members reside in California. *See* Docket No. 16, at 2:7-9. Under *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006), and this Court's approach to the amount of detail necessary to establish limited liability company citizenship outlined in OSC No. 1, this response was deficient.

On June 24, 2015, the Court responded to Defendant's OSC submission by way of a further Order to Show Cause re Diverse Citizenship and Amount in Controversy ("OSC No. 2). *See* Docket No. 17. While OSC No. 2 did not address the amount-in-controversy issue, it did point out that Defendant had again insufficiently met its burden of properly establishing its citizenship because of an incomplete submission

: 

Initials of Preparer JG

**REMAND/JS-6**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-3601-GW(JPRx) | Date | July 2, 2015 |
|---|---|---|---|
| Title | *Doris Barela v. G6 Hospitality, LLC, et al.* | | |

as to the membership (and citizenship) of BRE. The Court gave Defendant one last opportunity to provide the necessary information.

On July 1, 2015, Defendant responded that it could not provide the additional information the Court requested, consequently offering that it "does not oppose remand at this time." *See* Docket No. 18. As such, the Court remands this case due to an insufficient demonstration of complete diversity, and vacates the upcoming hearing date on Plaintiff's motion to remand.[1]

IT IS SO ORDERED.

---

[1] The Court would not have awarded attorneys' fees to Plaintiff had it granted Plaintiff's motion to remand. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005); *Jordan v. Nationstar Mortg. LLC*, 781 F.3d 1178, 1184 (9th Cir. 2015) (quoting *Martin*).

____ : ____

Initials of Preparer JG